78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doug NORTH, dba Video Outlet, Plaintiff-Appellant,
v.
CITY OF GILROY, a Municipal Corporation, Defendant-Appellee.
 No. 94-15283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Feb. 22, 1996.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 1. We agree with the parties that prior restraint analysis is inappropriate in this case. See City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 46 (1986); cf. Grossman v. City of Portland, 33 F.3d 1200, 1205 n. 9 (9th Cir.1994) (classic prior restraint case is one in which speech is totally prohibited).
 
 
 4
 2. We consider, instead, whether the ordinance[1] is a valid time, place and manner regulation. To succeed, North must raise a genuine issue of material fact whether the ordinance (1) was narrowly tailored to serve a substantial government interest; (2) was content-neutral; and (3) left open reasonable alternative channels for expression. See Ward v. Rock Against Racism, 491 U.S. 781, 798 (1989); City of Renton, 475 U.S. at 47, 50. We consider North's as-applied challenge first.
 
 
 5
 The Gilroy City Council heard testimony and consulted studies regarding the deleterious secondary effects of adult businesses. By its terms, the ordinance was enacted in order to avoid these effects: "negative impacts on children, increased crime against women and children, increased police activity, health issues including sexually transmitted diseases, the introduction of organized crime into the City and impacts on the commercial areas in the City." Gilroy, Ca., Ordinance 92-20 (1992); Gilroy, Ca., Ordinance 93-2 (1993). Cities have a substantial interest in preventing such problems. See Renton, 475 U.S. at 48, 50 (city has substantial interest in "prevent[ing] crime, protect[ing] the city's retail trade, maintain[ing] property values, and generally 'protec[ting] and preserv[ing] the quality of [the city's] neighborhoods, commercial districts and the quality of urban life' "). The ordinance was also not substantially broader than necessary to protect the city's interests and was thus narrowly tailored. See Ward, 491 U.S. at 798.
 
 
 6
 Gilroy's predominate intent in adopting the ordinance was the prevention of the above secondary effects and not suppression of protected speech. The ordinance was thus content-neutral. See Renton, 475 U.S. at 47-48.
 
 
 7
 Subject only to inventory and space limitations, North was permitted to freely engage in the display and sale of sexually-oriented books and videotapes. The ordinance thus left North with reasonable alternative avenues of communication. See id. at 54 ("In our view, the First Amendment requires only that [the city] refrain from effectively denying respondents a reasonable opportunity to open and operate an adult [business] within the city."); cf. id. at 53-54 (reasonable alternative avenues present where only 5% of city's land was zoned for adult businesses).
 
 
 8
 North argues that he was completely prohibited from engaging in the operation of video viewing booths. However, we are not persuaded that this form of expression "provide[s] information about the identity of the 'speaker', "City of Ladue v. Gilleo, 114 S.Ct. 2038, 2046 (1994), or that it is otherwise a "unique and important" mode of expression for which there may be "no practical substitute," id. at 2045, 2046. Patrons could still buy the movies or view them on the half dozen monitors North had set up in his back room.[2]
 
 
 9
 3. With respect to North's facial challenge, "[t]here are two quite different ways in which a statute or ordinance may be considered invalid 'on its face'--either because it is unconstitutional in every conceivable application, or because it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally 'overbroad.' " Members of the City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 796 (1984). North has disclaimed making an overbreadth challenge; therefore, he must prove that the ordinance was unconstitutional in every conceivable application. Because the statute was constitutional as applied to North, his facial challenge fails.
 
 
 10
 All pending motions are denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge, District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We refer to Ordinances 92-20 and 93-2 collectively as "the ordinance"
 
 
 [2]
 North also implies that the ordinance had adverse financial effects. Profitability, however, is irrelevant in this context. See Spokane Arcade, Inc. v. City of Spokane, No. 94-35931, 1996 WL 29258, at * 2-3 (9th Cir. Jan. 24, 1996)